

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2005

# Yu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yu v. Atty Gen USA" (2005). *2005 Decisions.* Paper 848.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/848

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3160

———

ZHEN JIAN YU,
Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES[1];
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,
Respondents

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A77-341-411)

———

Submitted Under Third Circuit L.A.R. 34.1(a)
June 6, 2005

Before: FUENTES, VAN ANTWERPEN, and BECKER, Circuit Judges.

(Filed July 14, 2005)

OPINION OF THE COURT

———

_____

[1]Caption amended pursuant to Federal Rule of Appellate Procedure 43(c).

1

FUENTES, Circuit Judge.

Petitioner Yu, a native and citizen of the People's Republic of China ("China"),

seeks review of a decision by the Board of Immigration Appeals ("the BIA") denying

Yu's motion to reopen, based on new evidence, his applications for asylum, withholding

of removal under the Immigration and Nationality Act ("INA"), and withholding of

removal under the Convention Against Torture. Yu claims that his family was persecuted

for violating China's "one child" policy. Because we conclude that the BIA did not abuse

its discretion when denying Yu's motion to reopen, we will deny the petition for review.

## I. Facts and Procedural Background

Yu arrived in the United States, at Los Angeles Airport, without valid entry

documents in November 2000. When he was interviewed by officials from the former

Immigration and Nationality Service ("INS") at the airport, he claimed he came to the

United States because he feared he would be sterilized and because he and his wife could

have more children if he brought her and their children to the United States.[2] In

December, he was interviewed by an asylum officer. He testified that his wife was

sterilized in March 1999 because they had three children in violation of China's one child

family planning policy. He further testified that he feared persecution and sterilization if

---

[2]In March 2003, the INS ceased to exist as an agency within the Department of
Justice and its functions were transferred to the Department of Homeland Security. See
Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002). Because
the INS initiated Yu's removal proceedings, we will refer to the agency as the "INS" or
"former INS."

repatriated to China. A few weeks later, the former INS charged Yu as being removable pursuant to the INA.

In August 2001, Yu filed an application for asylum, withholding of removal under the INA, and withholding of removal pursuant to Article III of the Convention Against Torture. In April 2002, Yu had a hearing before an Immigration Judge ("IJ"). In that hearing, Yu testified that prior to his wife's pregnancy with their third child, he and his wife fled to the rural parts of China because his wife had been ordered to report for sterilization and they wanted to have an additional child. They returned home, he said, after his wife was pregnant with the third child so she could give birth. Yu testified that government officials arrived at his home less than a week after the birth of their third child. While Yu was able to escape, he said the government officials captured his wife and forcibly sterilized her. He remained in hiding until September 2000. While Yu was in hiding, his wife was fined by the Chinese authorities. By way of documentation, he submitted: a sterilization certificate stating that Yu's wife was sterilized on March 28, 1999; a picture of his wife and three children; receipts indicating payment for fines issues by Chinese authorities for "overbirth" and "delay of female inspection;" his household registration indicating that he was married and had three children; and a letter from a US physician concluding that a submitted X-ray indicated a surgical tubal sterilization, and other evidence.

The IJ denied all of Yu's applications because he determined that Yu was not

credible for at least three reasons: (1) the United States Government provided strong evidence that the sterilization certificate and the X-rays were fabricated, (2) Yu's statement in his airport interview that he wanted to bring his wife to the United States so they could have more children conflicted with his asylum claim that she had been sterilized, and (3) Yu's statement during his credible fear interview that he hid with one relative from March 1999 until September 2000 conflicted with the testimony he presented to the IJ that he hid in various locations. Yu appealed the IJ decision to the BIA and the BIA affirmed without opinion.

In September 2003, Yu moved to have his removal proceedings reopened. In support of his motion, he submitted a letter from his wife and what Yu claimed to be the original sterilization certificate. Yu's wife and Yu explained that they did not know the sterilization certificate they had previously submitted was false. Yu's wife claims that she was unable to find the original sterilization certificate, so she sought the help of a relative with connections to the hospital after the hospital refused to reissue the certificate. She claims that she did not know that the documents she received from the relative were fabricated. The BIA denied the motion to reopen, finding that Yu failed to establish that the certificate was unavailable and could not have been presented or discovered at the time of the hearing. Additionally, the BIA held that even if the newly-submitted sterilization certificate was considered, the IJ had other reasons for making a negative credibility determination that Yu had not overcome. Yu moved the BIA to

reconsider its denial, but the Board also denied the motion for reconsideration.

In April 2004, Yu filed a second motion to reopen his removal proceedings. Along with his motion, he submitted another letter from his wife, medical records for his wife, and pictures of his house he claimed had been damaged by government officials. His wife claimed in her letter that she developed a cervix appendix cyst because of her sterilization. The BIA denied this motion because "[t]here is simply no medical evidence of record to support the respondent's assertion that his wife's recent diagnosis is the result of her sterilization. Moreover, it is unclear from the record whether the respondent's wife was forcibly sterilized." (App. at 2.) This timely petition for review follows.

## II. Jurisdiction/Standard of Review

The BIA had jurisdiction in this matter under 8 C.F.R. §§ 1003.1(b)(3) and 1003.2, and we have jurisdiction to review the final order of removal under § 242(a)(1) of INA, 8 U.S.C. § 1252(a)(1). See Chen v. Ashcroft, 376 F.3d 215, 221-22 (3d Cir. 2004). Because Yu's motion to reopen was denied for failure to establish a prima facie case, the BIA's findings of facts are reviewed for substantial evidence, and the ultimate decision to deny the motion should be reviewed for abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002).[3]

---

[3]There are at least three independent bases for the INS to deny a motion to reopen. "First, it may hold that the movant has not established a prima facie case for the underlying substantive relief sought. . . . Second, the BIA may hold that the movant has not introduced previously unavailable, material evidence, 8 CFR § 3.2 (1987). . . . Third, in cases in which the ultimate grant of relief is discretionary (asylum, suspension of

**III. Discussion**

A. Background

Section 208(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §

1158(b), gives the Attorney General discretion to grant asylum to a "refugee," under

certain circumstances.  Generally, a "refugee"  is "any person who is outside any country

of such person's nationality . . . who is unable or unwilling to return to, and is unable or

unwilling to avail himself or herself of the protection of, that country because of

persecution or a well-founded fear of persecution on account of race, religion, nationality,

membership in a particular social group, or political opinion."  INA § 101(a)(42)(A); 8

U.S.C. § 1101(a)(42)(A).  The burden is on the applicant to show that she or he fits within

this definition of refugee.  8 C.F.R. § 1208.13(a).  Applicants for asylum may establish

refugee status by showing either that they have been subject to past persecution or they

have a well-founded fear of future persecution.  The persecution, however, must be "on

account of" one of the five statutorily designated bases.  8 C.F.R. § 1208.13(b).  An

applicant who establishes that she has suffered past persecution is presumed to have a

deportation, and adjustment of status, but not withholding of deportation), the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."  INS v. Abudu, 485 U.S. 94, 104-05 (1988).  The Supreme Court held that the last two bases for denial are reviewed according to an abuse of discretion standard.  Id.  In this Circuit, when a motion to reopen is denied on the first basis, for failure to establish a prima facie case, the BIA's findings of facts are reviewed for substantial evidence, and the ultimate decision to deny the motion should be reviewed for abuse of discretion.  Sevoian, 290 F.3d at 170.

6

well-founded fear of persecution.  8 C.F.R. § 1208.13(b)(1).[4]  Congress has provided by statute that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program" is "deemed to have been persecuted on account of political opinion."  INA § 101(a)(42)(B); 8 U.S.C. § 1101(a)(42)(B).  Similarly, a person who has a well-founded fear that he will be subject to such procedures or will be subject to persecution for resisting such procedures is "deemed to have a well founded fear of persecution on account of political opinion." INA § 101(a)(42)(B); 8 U.S.C. § 1101(a)(42)(B).  A husband applying for asylum may establish his eligibility by virtue of his wife's forced sterilization.  Wang v. Gonzales, 405 F.3d 134, 143 (3d Cir. Apr. 27, 2005).

The decision to grant or deny an applicant asylum is discretionary even if the applicant establishes that she or he meets the statutory eligibility requirements.   The government however, must grant withholding of removal, with certain exceptions, to an applicant if she demonstrates a clear probability that upon return to the home country, her "life or freedom would be threatened" on account of race, religion, nationality,  membership in a

---

[4]This presumption, however, can be rebutted by showing by a preponderance of evidence that "there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality" or that "the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(A)-(B).

particular social group, or political opinion.  INA § 241(b)(3)(A); 8 U.S.C.

§ 1231(b)(3)(A); <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984).  Consistent with asylum

regulations, the regulations that govern withholding of removal provide that an applicant

shoulders the burden of establishing eligibility for withholding of removal and if the

applicant has established that she suffered persecution in the past, it is "presumed that the

applicant's life or freedom would be threatened in the future . . . ."  8 C.F.R.

§ 1208.16(b).[5]

B. Yu's Claim of Persecution

Yu's claim of past persecution is based upon the repercussions he allegedly

sustained from violating China's one-child policy, namely his wife's forcible sterilization.

Originally, the main evidence supporting this claim was a certificate of sterilization that

Yu admitted was fraudulent after confronted with evidence denying its authenticity.  Yu

had made statements to various immigration officials that were consistent with the

incorrect dates listed on the fraudulent sterilization certificate.  In the second motion to

reopen, Yu submitted a letter from his wife in which she claimed that she developed a

cervix appendix cyst because of her sterilization, medical records for his wife, and

---

[5]As with cases involving applications for asylum, this presumption may be rebutted by the government by showing that a change in circumstances has removed the basis for the applicant to have a well-founded fear of persecution or by showing that the threat is not country-wide.  8 C.F.R. § 1208.16(b)(1).

pictures of his house he claimed had been damaged by government officials.[6]

The letter from his wife is self-serving and unpersuasive in light of her willingness to submit a sterilization certificate which she knew, if her later statements are to be believed, contained the wrong date of her sterilization.[7] Moreover, the medical records of Yu's wife are merely evidence of a cyst in her cervix. The medical reports do not indicate that she was sterilized, much less forcibly sterilized.[8] Finally, the pictures submitted, even if Yu and his wife are to be believed in their explanation, are not evidence corroborating that his wife had been sterilized.

Given the willingness of Yu and his wife to submit documents with incorrect information, the bare assertions and meager evidence Yu and his wife provide do not support a determination that the BIA abused its discretion when concluding that Yu had not established a prima facie case. We thus deny Yu's petition for review and affirm the BIA's decision.

---

[6]In his first motion to reopen, Yu submitted a letter from his wife explaining the circumstances of the fraudulent sterilization certificate and an allegedly authentic certificate of sterilization. While Yu did move to reconsider the denial of the first motion to reopen, he did not petition for review of that decision. The decision before this Court is the July 1, 2004 BIA decision which denied his second motion to reopen.

[7]We express no opinion as to the truthfulness of her explanation regarding the circumstances by which she obtained the fraudulent certificate.

[8]Yu makes much of the fact that one of the medical records includes the phrase "[a]fter sterilization operation." This statement, however, is not a medical opinion finding that she had been sterilized. Instead, it is a recitation of the patient's complaint. (App. at 44.)

**IV. Conclusion**

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the petition for review will be denied.

—————